**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **HARRIET S.,** | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | **Case No. 2:17-cv-00152-TS-PMW** |
| **NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,** | **District Judge Ted Stewart** |
| Defendant. | **Chief Magistrate Judge Paul M. Warner** |

District Judge Ted Stewart referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Before the court is Harriet S.'s ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this action. *See* docket no. 8.

[2] *See* docket no. 5.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In August 2013, Plaintiff applied for DIB, alleging disability beginning on November 1, 2012.[3] Plaintiff's application was denied initially and upon reconsideration.[4] On April 11, 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[5] After administrative hearings,[6] the ALJ issued a written decision on March 30, 2016, denying Plaintiff's claim for DIB.[7] On February 3, 2017, the Appeals Council denied Plaintiff's request for review,[8] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. On March 13, 2017, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[9]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be

---

[3] *See* docket no. 15, Administrative Record ("AR ___") 197-201.

[4] *See* AR 84-85.

[5] *See* AR 111-112.

[6] *See* AR 35-75.

[7] *See* AR 16-34.

[8] *See* AR 1-6.

[9] *See* docket no. 3.

conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the de minimis showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

3

> Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . .

*Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii).

At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id.*

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id.* At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id.*; *see* 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id.*, he is disabled and entitled to benefits.

## **ANALYSIS**

In support of her claim that the ALJ's decision should be reversed, Plaintiff argues that the ALJ erred (1) at step two of the sequential evaluation process by failing to determine that certain of Plaintiff's alleged impairments were severe and (2) in evaluating certain medical opinions. The court will address those arguments in turn.

## I.  Step Two

As noted above, step two of the sequential evaluation process determines whether the claimant has medical impairments, either individually or in combination, that are severe.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).  To establish severity, the claimant must "show that his impairments would have more than a minimal effect on his ability to do basic work activities."  *Williams*, 844 F.2d at 751; *see* 20 C.F.R. § 404.1520(a)(4)(ii).  While step two requires only "a de minimus showing," *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (quotations and citations omitted), the claimant still bears the burden of demonstrating severity at step two.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) ("The claimant first must bear the burden . . . at step two that he has a medically severe impairment or combination of impairments."); *see also Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007) ("Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard.") (citation omitted).  If the claimant fails to carry this burden, and "the process ends at step two, the burden of proof never shifts to the [Commissioner]."  *Bowen*, 482 U.S. at 146 n.5.

In this case, the ALJ concluded at step two that Plaintiff did not have a medical impairment or combination of impairments that were severe.  Accordingly, the ALJ concluded that Plaintiff was not disabled and, therefore, not entitled to DIB.

Plaintiff contends that the ALJ erred at step two by failing to determine that the following alleged impairments were not severe:  (A) neuropathy, visual impairments, and diarrhea; and (B) cognitive impairments.  The court will address those alleged impairments in turn.

### A. Neuropathy, Visual Impairments, and Diarrhea

Plaintiff's arguments concerning these three impairments fail for several reasons. First, Plaintiff does not argue that she carried her burden of showing that these alleged impairments significantly limited her ability to do basic work activities, as required by the relevant regulations. *See* 20 C.F.R. § 404.1520(c) ("If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.").

Second, in her arguments concerning these alleged impairments, Plaintiff merely points to select portions of the record evidence that, according to Plaintiff, demonstrate the existence of the alleged impairments. Plaintiff cannot satisfy her burden of establishing severity by showing the mere existence of the alleged impairments. *See Cowan v. Astrue*, 552 F.3d 1182, 1186 (10th Cir. 2008) ("[W]hile the showing a claimant must make at step two is de minimis, a showing of the mere presence of a condition is not sufficient.").

Third, Plaintiff does not argue that these alleged impairments significantly limited her ability to perform basic work activities for twelve (12) consecutive months, as required by the relevant regulations. *See* 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months.").

Finally, the court concludes that Plaintiff's arguments regarding these impairments are nothing more than an effort to reargue the weight of the evidence, which is an unavailing tactic on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and

inconsistencies.  *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).  From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.  *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight") (emphasis omitted); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.  We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.") (quotations and citations omitted) (alteration in original).

### B.    Cognitive Impairments

In arguing that the ALJ erred by failing to conclude that these impairments were severe, Plaintiff relies exclusively upon her separate argument that the ALJ erred in his treatment of certain medical opinions.  Essentially, Plaintiff contends that the medical opinions of psychologist Dr. Lori K. Kotter ("Dr. Kotter"), to which the ALJ assigned partial weight, demonstrate that Plaintiff's cognitive impairments were severe.  As will be discussed below, the court concludes that the ALJ did not err in his treatment of Dr. Kotter's medical opinions, or for that matter, in his treatment of any of the medical opinions referenced by Plaintiff.  Consequently, and for the reasons set forth below, the court concludes that Plaintiff's arguments concerning the severity of her cognitive impairments are without merit.

## II.      Medical Opinions

The following standards govern the ALJ's evaluation of medical opinions.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §] 404.1527. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted)

(sixth alteration in original); *see also* 20 C.F.R. § 404.1527(c).

8

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham*, 509 F.3d at 1257 (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

Plaintiff argues that the ALJ erred in his evaluation of the medical opinions of (A) Dr. Matthew B. Johnson, M.D. ("Dr. Johnson") and Dr. Kotter, and (B) the state agency physicians.

**A.     Dr. Johnson and Dr. Kotter**

For the opinions of both Dr. Johnson and Dr. Kotter, Plaintiff contends the ALJ erred by not engaging in a proper evaluation of those opinions. Plaintiff also asserts that the ALJ erred by impermissibly picking and choosing evidence from those opinions to support the conclusion that Plaintiff was not disabled. Both of those arguments fail.

With respect to Plaintiff's first argument, court concludes that the ALJ engaged in a proper analysis of both Dr. Johnson's opinions and Dr. Kotter's opinions. The ALJ determined that the portion of Dr. Johnson's opinions relating to the severity of Plaintiff's alleged impairments was entitled great weight and that other portions were entitled to partial weight.[10] The ALJ also concluded that Dr. Kotter's opinions were entitled to partial weight.[11] Accordingly, it is implicit that the ALJ did not give those opinions controlling weight. The court now turns to

---

[10] *See* AR 27-28.

[11] *See id*. at 28-29.

the deference and weight the ALJ accorded Dr. Johnson's opinions and Dr. Kotter's opinions. *See Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. § 404.1527(c).

The ALJ relied upon proper factors to support his evaluation of Dr. Johnson's opinions. For the portion of Dr. Johnson's opinions to which the ALJ accorded great weight, the ALJ determined that it was consistent with the lack of functional limitations noted in Dr. Johnson's treatment records.[12] *See* 20 C.F.R. § 404.1527(c)(3)-(4). For the portions of Dr. Johnson's opinions to which the ALJ accorded partial weight, the ALJ concluded that Dr. Johnson's opined exertional limitations lacked objective support in the record, and the ALJ supported that conclusion by referencing his discussion of the medical evidence.[13] *See* 20 C.F.R. § 404.1527(c)(3). The ALJ further determined that Dr. Johnson's opined exertional limitations were inconsistent with Dr. Johnson's observation that Plaintiff "was able to function quite well."[14] *See* 20 C.F.R. § 404.1527(c)(4).

The ALJ also relied upon proper factors to support his treatment of Dr. Kotter's opinions. For one portion of Dr. Kotter's opinions, the ALJ concluded that certain medical evidence supported it.[15] *See* 20 C.F.R. § 404.1527(c)(3). For the remainder of Dr. Kotter's opinions, the ALJ determined that the record did not support them and noted that Dr. Kotter had tested Plaintiff on only one occasion.[16] *See* 20 C.F.R. § 404.1527(c)(2), (c)(3).

---

[12] *See id*. at 27.

[13] *See id*. at 28.

[14] *Id*.

[15] *See id*. 28-29.

[16] *See id*. at 29.

Turning to Plaintiff's second argument, the court is not persuaded that the ALJ erred by impermissibly picking and choosing evidence from Dr. Johnson's opinions and Dr. Kotter's opinions to support the conclusion that Plaintiff was not disabled. The ALJ evaluated Dr. Johnson's opinions and Dr. Kotter's opinions based on the entire record, assigned weight to those opinions using the proper factors, and provided an explanation as to why portions of those opinions were accepted, and others were rejected. In doing so, the ALJ provided sufficient analysis and explanation. *See Harris v. Berryhill*, No. 2:16-CV-00933-DBP, 2017 WL 2623848, at *3 (D. Utah June 16, 2017) (unpublished) ("The court recognizes that the ALJ is not required to accept the entirety of [a medical] opinion and that it is well within the ALJ's purview to adopt some parts of the opinion while rejecting others. That said, in doing so the ALJ is required to explain why he has accepted, and given great weight to, some portions of [the medical] opinions while rejecting others.") (emphasis omitted).

For those reasons, the court concludes that the ALJ did not err in evaluating Dr. Johnson's opinions or Dr. Kotter's opinions.

**B.      State Agency Physicians**

Plaintiff argues that the ALJ erred by failing to properly evaluate the opinions of the state agency physicians. Plaintiff also argues that those opinions cannot constitute substantial evidence to support the ALJ's decision because they were based on an incomplete medical record. The court concludes that both of Plaintiff's arguments are without merit.

First, the ALJ relied upon a proper factor to support his evaluation of the state agency physicians' opinions. *See* 20 C.F.R. § 404.1527(e)(2)(ii) (providing that factors set forth in 20 C.F.R. § 404.1527(c) apply to evaluation of state agency physicians' opinions). The ALJ

11

concluded that the state agency physicians' opinions were entitled to great weight.[17]  In support of that conclusion, the ALJ discussed certain medical evidence and determined that said evidence supported those opinions.  *See* 20 C.F.R. § 404.1527(c)(3).  That analysis was sufficient.  *See Oldham*, 509 F.3d at 1257 (stating that when an ALJ does not discuss every factor set forth in 20 C.F.R. § 404.1527(c), it "does not prevent this court from according his decision meaningful review").

Second, Plaintiff has failed to demonstrate how the state agency physicians' review of an incomplete medical record constitutes reversible error.  Indeed, in making this argument, Plaintiff fails to establish how the unreviewed medical evidence would have altered the state agency physicians' opinions.  Put another way, Plaintiff has failed to demonstrate that the unreviewed medical evidence establishes additional impairments or restrictions than those shown by the record reviewed by the state agency physicians.  Furthermore, as noted by the Commissioner, because the unreviewed evidence is generally consistent with the record examined by the state agency physicians, the unreviewed evidence does not render the state agency physicians' opinions stale.  *See Tarpley v. Colvin*, 601 F. App'x 641, 644 (10th Cir. 2015) (rejecting the claimant's argument that the ALJ should not have relied upon a physician's medical opinion based on an incomplete medical record because the later opinions and subsequent medical records were generally consistent with the opinion and did not render it "stale").

For those reasons, the court concludes that the ALJ did not err in his evaluation of the state agency physicians' opinions.

---

[17] *See id*. at 28.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, IT IS HEREBY RECOMMENDED that the Commissioner's decision in this case be AFFIRMED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 30th day of August, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge